## Ex Parte Oscar Marshall.

### No. 7486. Decided November 15, 1922.

**Habeas Corpus—Bail—Express Malice—Rule Stated.**

The State, not having undertaken to show anything that would indicate that condition of mind which under our former decisions would have been considered express malice, and having rested its case upon testimony failing to show that the killing was not upon sudden impulse, this court feels impelled to apply to the decision of the question raised, the doctrines applicable to an unexplained killing. The bail is therefore granted.

Appeal from the District Court of Tyler. Tried below before the Hon. D. F. Singleton.

Appeal from a *habeas corpus* proceeding denying bail.

The opinion states the case.

*Coleman & Lowe,* for appellant.—Ex parte Newman, 41 S. W., 628; Ex parte Russell, 160 id., 75; Ex parte Stephenson, 160 id., 77; Ex parte Firman, 131 id., 1113; Ex parte Burton, 170 id., 308; Ex parte Drury, 25 Texas, 45.

*R. G. Storey* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant brings before us his appeal from an order of the District Court of Tyler County refusing him bail in a case wherein he is charged with murder.

An inspection of the statement of facts on file in this case makes it plain that while the circumstances and situation establish the fact that appellant killed the deceased, it is also clear that no one saw the shooting. Witnesses testify who saw the parties just before and just after the shooting, and it appears also that shot-gun shells, apparently used in the gun of appellant in killing the deceased, were found ten or fifteen feet from the body of deceased. No weapon was found upon the body of deceased or around him. Several witnesses testified that after the shooting appellant admitted to them that he killed deceased. Coupled with each of the statements made by him to the witnesses who so testified, was some exculpatory statement. In the testimony of Mose Johnson is the statement of the appellant in the regard above mentioned, in which he said that Tom Reed, deceased, was trying to kill him and that he beat him to it. There appears nothing in the record to show previous threats or difficulties of any consequence between the parties. The killing, as reflected from the facts before us, is apparently without explanation. We have always held that if the killing is without explanation and there be no facts in the record which would lead us to conclude from a careful consideration of them that upon a trial had before a fair jury upon such evidence a capital conviction would result, the case would be one for bail. The State not having undertaken to show anything that would indicate that condition of mind which under our former decisions would have been considered express malice, and having rested its case upon testimony failing to show that the killing was not upon sudden impulse, we feel impelled to apply to the decision of the question raised, the doctrines applicable to an unexplained killing above mentioned. It appears to us that appellant's application for bail should have been granted. We are not unmindful of the statements relative to appellant's inability to give any considerable bond. If the courts were to fix a bond in every case commensurate with the ability of the accused to make it and in no way affected by the seriousness of the crime charged, it would result in nominal bonds in many cases where the offense committed is of the gravest character. Taking into consideration the gravity of the offense charged and the seriousness of the evidence in the record affecting guilt, but believing the case to be one in which bail should be granted, the judgment of the trial court is reversed and bail fixed in the sum of Five Thousand Dollars.

*Bail granted.*